ADKINS, Justice,
concurring specially:
In my opinion the decisions of the district courts of appeal were erroneous, however, the majority of the court concurred in McNamara v. State, 357 So.2d 410 (Fla.1978) filed March 31, 1978, and took a contrary view.
The presiding judge of the statewide grand jury controls the exercise of its jurisdiction, governed by the statute, as well as the petition and empaneling order. The statewide grand jury is an arm of the presiding court.
The trial court is a separate and distinct court, the jurisdiction of which is determined by the nature of the crime charged (subject matter jurisdiction) and proper venue (territorial jurisdiction). The trial court does not have jurisdiction to make inquiry into the subject matter jurisdiction of the statewide grand jury.
We, in effect, have made “multi-county activity” a necessary element to be alleged and proved beyond a reasonable doubt in every criminal offense charged by a statewide grand jury indictment.
This step, giving a defendant additional technical objections (unrelated to the basic rights safeguarded by the Constitution) is the case law of Florida, so the disposition of these cases is in accordance with the majority view. In this respect I concur.
ENGLAND, J., concurs.